**UNITED STATES of America, Appellee**

**v.**

**Abdul Karim KHANU, Appellant.**

**No. 09–3139.**

United States Court of Appeals,
District of Columbia Circuit.

March 4, 2010.

Roy W. McLeese, III, Esquire, Katherine Mary Kelly, U.S. Attorney's Office, Civil Division, Washington, DC, for Appellee.

William R. Martin, Howrey LLP, Washington, DC, for Appellant.

BEFORE: GINSBURG, HENDERSON,* and ROGERS, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia; on the memoranda of law and fact filed by the parties; and on the motion to supplement the record, the opposition thereto, and the reply. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36. It is

**ORDERED** that the motion to supplement the record be granted. *See* Fed. R.App. P. 9(a)(2), (b). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's December 23, 2009 order be affirmed. Under any standard of review, the district court did not err in holding that appellant failed to overcome the presumption that he posed a risk of flight after being convicted. *See* 18 U.S.C. § 3143(a) (requiring detention pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"). The combination of appellant's citizenship in Sierra Leone, his trip there

---

* Judge Henderson would deny the motion to   supplement the record.

prior to his indictment, his mandatory deportation after serving his sentence, his extensive financial resources, and his lack of candor regarding the proceeds from three real estate sales provides strong evidence supporting the presumption that he poses a risk of flight. As the district court held, appellant's strong family ties in the community are undermined by the fact that he faces deportation after serving his sentence, and the conditions he proposes for his release fail to provide clear and convincing evidence that he would not continue to pose a significant flight risk.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.